*E-FILED 9/1/2009*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MEDIA LAB, INC., | No. C08-04732 HRL |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO DEEM MATTERS ADMITTED** |
| v. | |
| LAURA COLLIS dba LC INTERNET MARKETING dba LC INTERNET MARKETING, LLC dba GOINGTOCALIFORNIA.COM dba CALIFORNIA-AMUSEMENT-PARKS.COM, | [Re: Docket No. 44] |
| Defendants. | |

Plaintiff Media Lab, Inc. ("Media Lab") moves for an order deeming matters admitted. Defendant Laura Collis failed to file any papers in response and did not appear at the motion hearing. Upon consideration of the moving papers, as well as the discussion held at the September 1, 2009 hearing, this court grants the motion.

This is an action for alleged cybersquatting (15 U.S.C. § 1125(d)), trademark infringement (15 U.S.C. § 1125(a)), conversion and fraud. Media Lab says that it sells discounted theme park tickets through various branded internet websites and also derives income from advertisements purchased by its ticket vendors on Media Lab's websites. In October 2000, Media Lab reportedly hired one John Robert Shoffner[1] as an independent contractor to design and maintain its websites. According to Media Lab, defendant Collis has

---

[1] Shoffner is not a party to the instant action.

1 known Shoffner for over a decade.  It claims that she conspired with him to create competing
2 discount ticket sale websites with domain names confusingly similar to plaintiff's.

3 On March 31, 2009, plaintiff served by mail several requests for admission ("RFA") on
4 Collis.  Her responses were due by May 4, 2009.  See FED.R.CIV.P. 36(a)(3); FED. R. CIV. P.
5 6(a), (d).  Collis failed to respond at all.  Throughout the month of May 2009, plaintiff sent
6 Collis no less than four meet-and-confer letters in an attempt to resolve the matter without court
7 intervention.  Each letter advised Collis that her failure to respond resulted in her admission as
8 to the matters stated in each RFA.  Collis failed to respond to any of these letters.  Plaintiff's
9 counsel says that, at around this same time, he also left a voicemail message as to her failure to
10 respond to plaintiff's RFAs.  He never received a response to that voicemail.  (Rosenfeld Decl.,
11 ¶ 12).

12 When a party fails to timely respond to requests for admission, the matters requested are
13 automatically deemed admitted.  See FED.R.CIV.P. 36(a)(3) ("A matter is admitted unless,
14 within 30 days after being served, the party to whom the request is directed serves on the
15 requesting party a written answer or objection addressed to the matter and signed by the party or
16 its attorney.").  "A matter admitted under this rule is conclusively established unless the court,
17 on motion, permits the admission to be withdrawn or amended."  FED.R.CIV.P. 36(b).  Collis
18 has made no such motion; and, as discussed above, she failed to respond to the instant motion
19 and did not appear at the hearing.

20 Accordingly, by operation of Fed.R.Civ.P. 36(a)(3), Collis' failure to timely respond to
21 those RFAs resulted in automatic admission of the matters requested.

22 SO ORDERED.
23 Dated:    September 1, 2009

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

1  5:08-cv-4732 Notice electronically mailed to:

2  Henry M. Burgoyne , III hank@kronenbergerlaw.com, ecf@kronenbergerlaw.com

3  Jeffrey Michael Rosenfeld Jeff@kronenbergerlaw.com

4  Karl Stephen Kronenberger karl@kronenbergerlaw.com, ecf@kronenbergerlaw.com

5  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7  5:08-cv-4732 Notice mailed to:

8  Laura Collis
   800 Plaza Mar
9  Chula Vista, CA 91910

10      Pro Se Defendant