**E-FILED 11-17-2009**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MEDIA LAB, INC.,

    Plaintiff,

    v.

LAURA COLLIS dba LC INTERNET MARKETING dba LC INTERNET MARKETING, LLC dba GOINGTOCALIFORNIA.COM dba CALIFORNIA-AMUSEMENT-PARKS.COM,

    Defendants.

No. C08-04732 HRL

**INTERIM ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On November 17, 2009, the court heard plaintiff's motion for summary judgment. Pro se defendant Laura Collis failed to appear. As detailed in prior orders of this court, Collis has (for the past seven months or so) failed to take any action to defend herself in this matter. Collis is advised as follows:

Plaintiff has filed a motion for summary judgment by which it seeks the entry of judgment against you. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end the case. Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of the case, the party who asked for summary

judgment is entitled to judgment as a matter of law, which will end the case. When a party makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on allegations. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Federal Rule of Civil Procedure 56(e), that contradict the facts shown in the plaintiff's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate may be entered against you. If summary judgment is granted, there will be no trial. See Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

IT IS ORDERED THAT:

1. No later than **December 17, 2009**, Collis may file any evidence she would present at trial. This is Collis' last chance to submit evidence from which a reasonable juror could find in her favor on one or more of plaintiff's claims against her.

2. In the event Collis submits evidence in opposition to plaintiff's summary judgment motion, plaintiff may file reply papers no later than **January 8, 2010**. The motion will then be deemed submitted at that time.

3. The January 26, 2010 pretrial conference and February 1, 2010 start of jury trial are VACATED and will be re-set, if appropriate, following the resolution of plaintiff's summary judgment motion.

SO ORDERED.

Dated:   November 17, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:08-cv-4732 Notice electronically mailed to:

Henry M. Burgoyne , III hank@kronenbergerlaw.com, ecf@kronenbergerlaw.com

Jeffrey Michael Rosenfeld Jeff@kronenbergerlaw.com

Karl Stephen Kronenberger karl@kronenbergerlaw.com, ecf@kronenbergerlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

5:08-cv-4732 Notice mailed to:

Laura Collis
800 Plaza Mar
Chula Vista, CA 91910

    Pro Se Defendant